**B. E. BURDESHAW, et al., v. W. E. VASSAR, et al.**

24 So. (2nd) 364            January Term, 1946

January 11, 1946            Division A

*D. C. Smith,* for appellants.
*Errol S. Willes,* for appellees.

BUFORD, J.:

At a special meeting for the Board of Public Instruction of St. Lucie County held on September 25th 1945, a certain Resolution was passed and adopted which Resolution, after stating pertinent facts as inducement, was

"First: That all pupils in the Elementary Grades from the First Grade through the Sixth Grade living and residing south of the South Section lines of Sections 15 and 16, Township 35 South, Range 40 East, or the Section line at the entrance to Maravilla extending East and West from the Florida East Coast Railway to Section 17, Township 35 South, Range 40 East, and also, all children living and residing in the area South of the White City Road on Indian River Drive to the South Saint Lucie County Line, be enrolled in and transported to and from the White City Elementary School.

"Second: That the Board of Public Instruction, upon the recommendation of the Superintendent of Public Instruction, will increase the teaching staff at the White City Elementary School to six (6) teachers, being a teacher for each grade or class.

"Third: That the Board of Public Instruction will furnish transportation for all pupils to and from the White City Elementary School in the aforedescribed zones.

"Fourth: That the provisions of the foregoing resolution shall be put into effect upon the Superintendent of Public Instruction's obtaining the necessary facilities and teachers for the children to be enrolled and attend the said White City Elementary School."

On September 28th 1945 the complainants filed their bill of complaint wherein they alleged that the action of the Board of Public Instruction of St. Lucie County was without authority in law to promulgate and enforce the above mentioned resolution and prayed a restraining order directing and commanding said defendants, and each of them, to meet and rescind said resolution and to desist from putting said resolution into effect as to children residing in said School District No. 2 and that upon final hearing the restraining order should be made permanent.

After answer filed and hearing on the merits, the Honorable Circuit Judge entered a final decree in which he sustained the action of the Board as being authorized under Section 230.23, sub-section 6, sub-paragraphs (a) and (b), Florida Statutes 1941 (same F.S.A.), and dismissed the bill of complaint by the following order:

"IT IS THEREUPON ORDERED, ADJUDGED AND DE-CREED that the bill of complaint herein be and the same is hereby dismissed, at the cost of the Plaintiffs, without prejudice to take such action in the future as the circumstances then may justify."

From this order appeal was taken.

The only question for us to determine is whether or not the Board of Public Instruction of St. Lucie County had authority of law to adopt and enforce the resolution, supra and, if it had such authority, whether or not it abused its authority in adopting and enforcing the resolution. Our construction of the statute, Section 230.23, sub-section 6, sub-paragraphs (a) and (b), supra, is that it grants the authority to the County Board of Public Instruction to take such action as was taken in the instant case where the facts and circumstances justify it. This was the holding of the Circuit Judge and he found from the evidence submitted to him, and which is contained in the transcript of the record here, that there was no abuse of the discretion vested by the statute in the said Board. It has not been made to appear that the Circuit Judge was in error in this regard.

There was no effort by the Board in this case to change the boundaries of school districts to consolidate school dis-

tricts but it merely sought to establish attendance areas and to provide for the transportation and attendance at designated schools of children residing within the designated attendance areas.

The decree appealed from is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.